MERCEDES MUÑOZ-BARRIOS, Petitioner and Appellant, v. EDUARDO URRUTIA, MARSHAL OF THE DISTRICT COURT OF SAN JUAN, Respondent and Appellee.

No. 4371. Argued November 29, 1927.—Decided July 10, 1928.

*Blondet & Campillo* for the appellant. *Attorney General George C. Butte* and *R. A. Gómez* and *Emilio de Aldrey, Assistant Attorneys General,* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

The purchaser of property sold in the course of a summary proceeding for the foreclosure of a mortgage applied for a mandamus to compel a marshal of the district court to deliver certain papers with a view to the preparation of a deed by a notary selected by petitioner, or, in the alternative, to appear and to execute a deed before such notary.

Petitoner appeals from a judgment of dismissal and says that the court below erred in holding that the marshal may designate the notary who is to draw a deed of conveyance to be executed by the marshal in favor of the purchaser at a judicial sale.

The district judge says that petitioner cited no authority whatever in support of her application for the writ, and the demand for a reversal is based upon section 1358 of the Civil Code, in connection with the suggestion that the purchaser at a judicial sale is entitled to a deed in legal form in order that his rights may be protected and, therefore, should be permitted to choose the notary.

We find nothing whatever in the section so relied upon that tends in any way to strengthen the contention of appellant.

Section 5 of an Act approved March 9, 1905, Comp. St. 5294, referred to by the trial judge, makes it the duty of the marshal to execute to the purchaser at such sale a good and sufficient deed for such property.

In the instant case, if the marshal had refused to execute a deed, or had refused to correct a defective instrument, and if petitioner thereupon had sought to compel the execution of a good and sufficient conveyance, then the section last above mentioned would have been somewhat more in point.

The law does not compel a purchaser to accept a deed which does not meet all reasonable requirements. There is nothing to prevent the examination of an original draft of the proposed instrument, by such purchaser or by any agent, attorney or notary that such purchaser may designate. The

purchaser can not demand a warranty deed, and the law has made it the duty of the marshal to execute an instrument which will transfer to the purchaser whatever right, title and interest he is entitled to receive. This, the framers of the law must have deemed to be enough.

Otherwise, while indicating the duty of the marshal and providing for payment by the purchaser of any expense involved in the transaction, the Legislature would have conferred upon the purchaser, either by way of compensation or in order more fully to protect his rights, the privilege of choosing the notary. Instead of so doing, the lawmakers elected to define in a general way the duty of the marshal and to leave to his discretion, within reasonable limits, the manner in which that duty should be performed. The course so adopted seems to be in line with a more or less clearly defined general policy in matters of this kind. *Meléndez* v. *Registrar*, 35 P.R.R. 806.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.